J-A15044-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILFREDO PORTALATIN | : | |
| | : | |
| Appellant | : | No. 168 MDA 2026 |

Appeal from the PCRA Order Entered January 2, 2026
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0003451-1995

BEFORE:   KUNSELMAN, J., LANE, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY FORD ELLIOTT, P.J.E.:        **FILED: AUGUST 14, 2026**

Appellant, Wilfredo Portalatin, appeals *pro se* from the order entered by the Lancaster County Court of Common Pleas, dismissing his third petition pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546 ("PCRA"). Upon review, we affirm.

Our Court summarized the facts of this case as follows:

In 1996, Appellant was sentenced to [life without the possibility of parole ("LWOP")] at CP–36–CR–0003451–1995, following his conviction for second degree murder and related offenses.[1] At the time of the offense, Appellant was 24 years[] old. Appellant filed a direct appeal from his sentence, and this Court affirmed his conviction on May 7, 1997. [*See*] ***Commonwealth v. Portalatin***, 698 A.2d 1348 (Pa. Super. 1997) [(table) (2071 PHL 1996)]. Appellant did not seek further review. However, on December 9, 1997, he filed his first PCRA petition, which was denied by the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] ***See*** 18 Pa.C.S. § 2502(b), 3701(a)(1), 903, and 3502(a), respectively.

PCRA court on January 14, 2000. This Court affirmed the order dismissing Appellant's PCRA petition on April 4, 2001, and our Supreme Court denied Appellant's petition for allowance of appeal from that decision. [*See*] *Commonwealth v. Portalatin*, 778 A.2d 737 (Pa. Super. 2001)[(table) (607 MDA 2001)], *appeal denied*, [784 A.2d 116] (Pa. 2001) [(table) (392 MAL 2001)].

Appellant filed a *pro se* PCRA petition, his second, on August 13, 2012, and an amended petition on August 17, 2012. In the amended *pro se* petition, Appellant claimed his LWOP sentence was violative of the new constitutional rule announced in *Miller v. Alabama*, [567 U.S. 460] (2012), and the Universal Declaration of Human Rights. The PCRA court promptly appointed counsel for Appellant, but appointed counsel subsequently filed a *Turner*/*Finley* no-merit letter[2] contending that Appellant's PCRA claim was frivolous. On October 12, 2012, the PCRA court gave Appellant notice of its intent to dismiss his petition without a hearing pursuant to [Pennsylvania Rule of Criminal Procedure] 907. Appellant subsequently filed a timely response. The PCRA court then dismissed Appellant's PCRA petition on November 5, 2012. The [PCRA] court also granted counsel's petition to withdraw.

Appellant filed a timely notice of appeal.

*Commonwealth v. Portalatin*, 2014 WL 11015578, at *1 (Pa. Super. filed January 6, 2014) (unpublished memorandum) (2204 MDA 2012).

This Court affirmed the order dismissing Appellant's second PCRA petition on January 6, 2014, and our Supreme Court denied Appellant's petition for allowance of appeal from that decision. *See Portalatin*, 2014 WL 11015578 at *4, *appeal denied*, 93 A.3d 462 (Pa. 2014) (table) (62 MAL 2014).

---

[2] *See Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

On November 20, 2023, Appellant filed a *pro se* third PCRA petition and six days later, filed an amended PCRA petition. **See** PCRA Petition, 11/20/23; Amended PCRA Petition, 11/26/23. Appellant, in his PCRA petition, argues that the newly discovered facts exception to the PCRA's jurisdictional time-bar, 42 Pa.C.S. § 9545(b)(1)(ii), applies because, in 2023, he discovered that the Department of Corrections ("DOC") began to deduct funds from his inmate account to satisfy fines that the trial court imposed during sentencing. The PCRA court appointed counsel for Appellant. **See** Order (appointing PCRA counsel), 3/13/24, at ¶ 2. On November 15, 2024, appointed counsel filed a petition to withdraw as counsel with a **Turner/Finley** no-merit letter attached. **See** Motion to Withdraw, 11/15/24, Exhibit A (**Turner/Finley** Letter) at 3-7.

On December 12, 2025, the PCRA court found Appellant's PCRA petition to be meritless and filed a Rule 907 notice of intent to dismiss, which granted appointed counsel's motion to withdraw. **See** Order (notice of intent to dismiss), 12/12/25 at 1-2 (unpaginated). Appellant's PCRA petition was formally dismissed without hearing on January 2, 2026. **See** Order (dismissing PCRA petition), 1/2/26. Afterwards, Appellant filed a timely notice of appeal, and he and the PCRA court complied with Pennsylvania Rule of Appellate Procedure 1925. **See** Notice of Appeal, 1/28/26; Rule 1925(b) Order, 2/2/26; Rule 1925(b) Statement, 2/19/26; PCRA Court Opinion, 3/19/26.

Appellant's sole issue on appeal is the following: "Did the [PCRA] court err and/or abuse its discre[]tion in concluding[] that Appellant failed to timely

- 3 -

file a response to the [PCRA] court's notice of intent to dismiss?" Appellant's Brief at 4 (unnecessary capitalization omitted).

"We review orders denying PCRA relief to determine whether the ruling of the PCRA court is supported by the record and free of error. We apply the *de novo* standard of review to the PCRA court's legal conclusions." **Commonwealth v. Davis**, 326 A.3d 988, 992 (Pa. Super. 2024) (citation and quotation marks omitted).

Appellant asserts that the PCRA court erred by concluding that Appellant failed to make a timely response to the PCRA court's Rule 907 notice. **See** Appellant's Brief at 10. Specifically, Appellant avers that the PCRA court failed to apply the prisoner mailbox rule pursuant to Pennsylvania Rule of Appellate Procedure 121(f), and, if the court applied that rule, his Rule 907 response would have been deemed timely. **See id.** at 10-11. We agree that the prisoner mailbox rule applies such that Appellant's response was timely, as discussed below.

The prisoner mailbox rule is the following:

A *pro se* filing submitted by a person incarcerated in a correctional facility is deemed filed as of the date of the prison postmark or the date the filing was delivered to the prison authorities for purposes of mailing as documented by a properly executed prisoner cash slip or other reasonably verifiable evidence.

Pa.R.A.P. 121(f); **see also Commonwealth v. Jones**, 700 A.2d 423, 426 (Pa. 1997) (extending the prisoner mailbox rule to "all appeals by *pro se*

prisoners"); ***Commonwealth v. Little***, 716 A.2d 1287, 1289 (Pa. Super. 1998) (applying the mailbox rule to PCRA filings).

Appellant attached to his brief his Rule 907 response, which contains a certificate of service with a handwritten notation of Appellant's signature and the date "12/26/25." Appellant's Brief, Exhibit D (Rule 907 Response) at 7 (unpaginated). Moreover, Appellant also attached to his brief a cash slip dated "12/26/25." ***See*** Appellant's Brief, Exhibit B (Cash Slip). Our Court has held that cash slips from prison authorities may serve as reasonably verifiable evidence for the purposes of the prisoner mailbox rule. ***See Commonwealth v. Chambers***, 35 A.3d 34, 39-40 (Pa. Super. 2011) (stating cash slip is verifiable evidence for prisoner mailbox rule).

Therefore, since Appellant's Rule 907 response was given to prison authorities on December 26, 2025, as evidenced by the cash slip, we shall deem the response timely filed. ***See*** Order (notice of intent to dismiss), 12/12/25 at 1 (unpaginated). In any event, we find that a remand would be futile because the PCRA court stated in its Rule 1925(a) opinion that it would still find the PCRA petition to be untimely. ***See*** PCRA Court Opinion, 3/19/26, at 1; ***cf. Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa. Super. 2013) (issue concerning an absence of a Rule 907 notice does not automatically warrant reversal where the PCRA petition at issue is untimely). We agree that the instant petition, Appellant's third, was untimely and did not meet an exception, as follows.

The PCRA's timeliness requirements are jurisdictional in nature. *See Commonwealth v. Cobbs*, 256 A.3d 1192, 1207 (Pa. 2021). The PCRA requires that all PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment [of sentence] becomes final," unless an enumerated statutory exception applies. 42 Pa.C.S. § 9545(b)(1). The three exceptions are: "(1) interference by government officials in the presentation of a claim; (2) newly discovered facts; and (3) an after-recognized constitutional right." *Commonwealth v. Brandon*, 51 A.3d 231, 233-24 (Pa. Super. 2021); *see also* 42 Pa.C.S. § 9545(b)(1)(i)-(iii).

Clearly, the instant PCRA petition, filed nearly 25 years after Appellant's judgment of sentence became final, is facially untimely.[3]

Appellant invokes the newly discovered fact exception, which:

> requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this

---

[3] The record demonstrates that Appellant was sentenced on May 10, 1996. Our Court affirmed his conviction on May 7, 1997. Afterwards, no other review was sought with our Supreme Court. Therefore, Appellant's judgment of sentence became final on June 6, 1997. *See* 42 Pa.C.S. § 9545(b)(3) ("a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review"); Pa.R.A.P. 1113(a) (providing 30 days from Superior Court decision to file a petition for allowance of appeal). Appellant filed his third PCRA petition on November 20, 2023. *See supra* 1-3.

- 6 -

exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

***Commonwealth v. Balestier-Marrero***, 314 A.3d 549, 554 (Pa. Super. 2024) (citing ***Commonwealth v. Brown***, 111 A.3d 171, 176 (Pa. Super. 2015)).

Appellant, in his PCRA petition, argues that the newly discovered facts exception applies because, in 2023, he discovered that the DOC began to deduct funds, pursuant to 42 Pa.C.S. § 9728(b)(5), from his inmate account to satisfy fines that the trial court imposed during sentencing. ***See*** Amended PCRA Petition, 1/26/24, at 5-10 (unpaginated).[4] He claims that ***Commonwealth v. Ford***, 217 A.3d 824, 829 (Pa. 2019), provided a new rule of law and applied to him because the trial court imposed non-mandatory fines without inquiring about his ability to pay those fines at his sentencing hearing. ***See id.*** at 7 (unpaginated).[5] Appellant also attempts to avoid the timeliness restrictions of the PCRA by stating that his sentence was illegal pursuant to

_____

[4] Section 9728(b)(5) permits the DOC to make monetary deductions from an inmate's account to pay court ordered fines and costs and "does not impose prior court authorization as a threshold condition." ***Commonwealth v. Fleming***, 804 A.2d 669, 671 (Pa. Super. 2002) (citation omitted).

[5] In ***Ford***, our Supreme Court held that the defendant received an illegal sentence when the trial court imposed non-mandatory fines without any evidence that defendant was or would be able to pay them. ***See Ford***, 217 A.3d at 831 (holding sentence was illegal where fine imposed pursuant to negotiated guilty plea without record evidence of the defendant's ability to pay; "Subsection 9726(c) of the Sentencing Code requires record evidence of a defendant's ability to pay a fine even in the negotiated guilty plea context.").

- 7 -

*Ford* due to the fines that were being deducted from his inmate account. *See id.*

After our review, first, we observe that Appellant is incorrect that the *Ford* decision applies to his case or provides a basis for proving the applicability of a time-bar exception to establish jurisdiction for his petition. *Ford* cannot be deemed a "fact" for the purposes of the newly discovered fact exception. *See Commonwealth v. Watts*, 23 A.3d 980, 987 (Pa. Super. 2011) (holding subsequent decisional law does not amount to a new 'fact' under [S]ection 9545(b)(1)(ii)). Moreover, our Supreme Court in *Ford* did not declare that its holding applied retroactively to cases such as Appellant's where a judgment of sentence had long been final. *See Commonwealth v. Gearhart*, 2022 WL 1468359 at *4 (Pa. Super., filed May 10, 2022) (unpublished memorandum) (stating *Ford* does not apply retroactively).[6] Accordingly, *Ford* would neither apply here nor provide a basis for application of the newly recognized constitutional right exception under 42 Pa.C.S. § 9545(b)(1)(iii).

Next, we emphasize that the DOC deduction of funds from Appellant's inmate account is **not** a newly discovered fact upon which his claim is based or at least one raised with requisite due diligence for application of the newly discovered fact exception to the time-bar. Appellant was informed of the fines

---

[6] Non-precedential decisions of this Court that were filed after May 1, 2019, may be cited for their persuasive value. *See* Pa.R.A.P. 126(b).

he had to pay as early as his sentencing hearing. At the sentencing hearing, where Appellant was present, the trial court listed Appellant's non-mandatory fines associated with each conviction. *See* N.T. Sentencing Hearing, 5/10/96, at 4. Further, the receipt attached to Appellant's sentencing order stated that he owed $1,393.46 in costs and fines. *See* Order (sentencing), 5/10/96, at 5 (unpaginated). However, the 2023 DOC Letter attached to Appellant's PCRA petition reflected a remaining balance of $893.46. *See* PCRA Petition, Exhibit D (DOC Letter). Thus, the record indicates that payments had already been applied toward Appellant's costs and fines before he allegedly learned of them in 2023.

Assuming *arguendo* that deductions from Appellant's inmate account could have been considered a newly discovered fact for time-bar purposes, he did not demonstrate when the prior $500.00 in costs and fines had been paid or why he could not have raised an illegal sentence claim in connection with those earlier payments. As a result, Appellant failed to demonstrate that he presented a time-bar claim based on his payment of costs and fines with the diligence required by 42 Pa.C.S. § 9545(b)(2) ("Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented.").

Here, Appellant discovered only the DOC's method of collecting the previously imposed fines – not the existence of the fines themselves. The DOC's subsequent deductions therefore do not constitute a new fact capable of satisfying the newly discovered facts exception. *See Commonwealth v.*

*Shannon*, 184 A.3d 1010, 1017 (Pa. Super. 2018) (concluding that the newly discovered evidence exception to the PCRA time bar was not met where appellant failed to establish any connection between the alleged new evidence and his case). Thus, he did not newly "discover" facts supporting his claim, and Appellant's PCRA petition is time-barred. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary


Date: 08/14/2026